Clarence J. COUTU

v.

Anthony DeSIMONE.

No. 93–297–Appeal.

Supreme Court of Rhode Island.

March 3, 1994.

G. John Gazerro, Jr., Gazerro & Richardson, Warwick, for plaintiff.

Richard H. Burrows, Hanson, Curran, Parks & Whitman, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before a three-member panel of this court on February 15, 1994, pursuant to an order requiring the plaintiff, Clarence J. Coutu, to appear and show cause why this appeal should not be denied and dismissed.

This case involves a claim for property damage resulting from the collision of plaintiff's motor vehicle with a motor vehicle that defendant, Anthony DeSimone, was operating. The plaintiff appeals from a Superior Court justice's grant of defendant's motion to dismiss or strike plaintiff's rejection of the arbitrator's award in this matter.

The record reflects that the parties had agreed to refer this matter to arbitration in 1991. An arbitrator was selected, and a date for the proceeding was scheduled. The day before the arbitration proceeding was to take place, counsel for plaintiff telephoned counsel for defendant and the arbitrator to advise them that his client did not wish to participate. The arbitration was held without plaintiff or plaintiff's counsel, and the arbitrator awarded judgment in favor of defendant. The plaintiff subsequently filed a rejection of the arbitrator's award.

At the hearing on defendant's motion, counsel for plaintiff explained that his client had chosen not to attend the arbitration proceeding because his client wanted the case to be tried only once, if at all. Counsel for plaintiff also stated that he decided not to attend the proceeding because he thought that it would be a waste of his time.

The plaintiff frames his appeal as a question of whether the Superior Court justice was correct in retroactively applying this

court's holding in *Middleton v. Baskin,* 618 A.2d 1263 (R.I.1992) (mem.), or whether such retroactive application constituted an abuse of discretion. He contends that the decision regarding whether a sanction or result such as dismissal should be imposed is left to the discretion of the Superior Court justice. The defendant maintains that the motion justice did not abuse her discretion as plaintiff made absolutely no attempt to attend the arbitration proceeding and he did not present a reason for his refusal to attend.

Rule 3(p) of the Superior Court Rules Governing Arbitration of Civil Actions mandates that all parties be present at hearings either in person or through representatives authorized to make binding decisions on their behalf with regard to the arbitration. Rule 3(*l*) provides that any party who fails or refuses "to participate in an arbitration proceeding in a good faith and meaningful manner shall be subject to sanctions by the court" as provided in Rule 37 of the Superior Court Rules of Civil Procedure upon a party's motion or by the arbitrator's report.

The issue in this case is not the retroactive application of one of our decisions. Rather, it is whether the motion justice abused her discretion by granting the defendant's motion. The plaintiff blatantly flouted the rules that govern arbitration proceedings. We think that the motion justice was well within her discretion and Rule 37 by dismissing the case upon the defendant's motion.

Consequently, after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. The plaintiff's appeal is therefore denied and dismissed, and the judgment appealed from is affirmed.

WEISBERGER, A.C.J., did not participate.