Beatrice A. KOUGASIAN, et al.

v.

## DAVOL, INC.

No. 95–456–Appeal.

Supreme Court of Rhode Island.

Jan. 13, 1997.

Mark Decof, Scott P. Tierney, Suzanne McGrath, Providence.

Deming E. Sherman, Alicia Murphy Mulligan, Providence, David Geiger, Boston, MA.

### ORDER

This matter came before a panel of the Supreme Court for oral argument on December 17, 1996, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs, Beatrice A. Kougasian (Beatrice) and her husband, Peter Kougasian (Peter), appeal from an order of the Superior Court granting a motion for summary judgment in favor of the defendant, Davol, Inc. (defendant).

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been

shown. Therefore, the appeal will be decided at this time.

The defendant is a manufacturer of medical devices and maintains a plant in Cranston, Rhode Island located "300–400 yds." from the home of plaintiffs (Kougasians). As part of its manufacturing process, defendant sterilizes the medical devices in a gas, ethylene oxide (EtO). In February 1991, Beatrice was diagnosed with a form of lung cancer known as broncio-alvelar adenocarcinoma. On December 27, 1994, she filed the present action in Rhode Island Superior Court alleging that she developed the cancer as a result of her exposure to the negligent emission of EtO from defendant's plant. Peter joined in the suit, alleging loss of consortium.

The defendants filed a motion for summary judgment on the grounds that the three-year statute of limitations governing personal injuries had expired[1]. The Kougasians argued that the statute-of-limitations period did not begin to run until February 4, 1992, when they were informed by a doctor that EtO may have been the cause of Beatrice's cancer. In addition, the Kougasians contended that the date at which they discovered this causal link was a question of fact, thus precluding summary judgment. The trial justice concluded that the statute-of-limitations period began to run in February 1991, the date on which Beatrice was diagnosed with cancer. In rejecting the argument that the cause of the cancer was not discoverable until confirmation from a physician in February 1992, the trial justice determined that "[Beatrice] has offered no facts to suggest that this knowledge would have been unavailable to her at the time the cause of action accrued even had she exercised due diligence." Consequently, the motion for summary judgment was granted. The Kougasians appealed to this Court.

We are of the opinion that the trial justice properly granted defendant's motion for summary judgment. This Court first recognized a discovery rule exception to a statute of limitations in *Wilkinson v. Harrington,*

104 R.I. 224, 243 A.2d 745 (1968), in which we held that a cause of action for medical malpractice under G.L.1956 § 9–1–14 accrues at the time a plaintiff discovers, or through the exercise of reasonable diligence should discover, that he or she has sustained an injury. In rejecting a strict construction of § 9–1–14, we stated that

> "[t]o construe the statute narrowly so as to preclude a person from obtaining a remedy simply because the wrong of which he was the victim did not manifest itself for at least two years from the time of the negligent conduct, is clearly inconsistent with the concept of fundamental justice. To require a man to seek a remedy before he knows of his rights, is palpably unjust." 104 R.I. 238, 243 A.2d at 753.

Since the holding in *Wilkinson,* this Court has extended the application of the discovery rule to certain, narrowly defined, factual situations. *See, e.g., Anthony v. Abbott Laboratories,* 490 A.2d 43 (R.I.1985) (drug product liability); *Lee v. Morin,* 469 A.2d 358 (R.I. 1983) (improvements to real property).

In the case before us, Beatrice, in her deposition testimony as well as in a sworn affidavit, admitted that she read several newspaper accounts of the potentially hazardous pollutants emitted from Davol's plant. The articles appeared before her diagnosis of cancer and described EtO as a "cancer-causing chemical." Beatrice further admitted that she was concerned about the potential risk posed by EtO, although she stated that her concern was in respect to leukemia, not cancer.

Following her diagnosis in February 1991, Beatrice contacted two physicians and told them of her concern that EtO emitted from Davol's plant caused her cancer. Neither doctor could attribute her condition to EtO. In February 1992, a third physician she consulted informed her by letter that her cancer "may be related to ethylene oxide." Beatrice then waited well over two years to file suit against Davol.

---

1. G.L.1956 § 9–1–14, in pertinent part, reads: "(b) Actions for injuries to the person shall be commenced and sued within three (3) years after the cause of injury shall accrue, and not after."

We are of the opinion that any potential cause of action against Davol arose in February 1991, at the time Beatrice was diagnosed with cancer. The record indicates that at that time Beatrice knew of the emissions of EtO and knew that the gas could cause cancer. Subsequent to her diagnosis, she stated that she "began to wonder whether [her] cancer could have been related to ethylene oxide," but neglected to take appropriate legal steps prior to the running of the statute-of-limitations. *See Dionne v. Baute,* 589 A.2d 833, 835 (R.I.1991).

A trial justice may as a question of law determine the applicable statute-of-limitations. *Ashey v. Kupchan,* 618 A.2d 1268, 1270 (R.I.1993). In this case the trial justice correctly applied the three-year limitations period set forth in § 9–1–14(b) and properly determined that the plaintiffs' conduct did not satisfy the reasonable diligence standard. *Dionne,* 589 A.2d at 835.

For the foregoing reasons, the plaintiff's appeal is denied and dismissed, and the order appealed from is affirmed. The papers of the case may be returned to the Superior Court.

FLANDERS, J., did not participate.