**Gerard W. ASHEY and Pauline Ashey, as heirs-at-law of decedent, Michael G. Ashey**

v.

**Dr. Audrey KUPCHAN et al.**

**No. 92–222–Appeal.**

Supreme Court of Rhode Island.

Jan. 7, 1993.

Raymond T. Trebiasacci, Groton, CT, for plaintiffs.

R. Kelly Sheridan, Roberts, Carroll, Feldstein & Peirce, Providence, for defendants.

OPINION

PER CURIAM.

This case came before this court on December 15, 1992, pursuant to an order directed to both parties to appear and show cause why we should not summarily decide the issues raised by the plaintiffs' appeal. After hearing arguments and reviewing the memoranda of counsel, we are of the opinion that the parties failed to show cause.

The facts and procedural history of this case are as follows. The plaintiffs, Gerard W. Ashey and Pauline Ashey, are the parents of Michael G. Ashey, who died from a pulmonary embolism following surgery for a bowel obstruction. On July 30, 1987, days before his death, Michael Ashey apparently called Rhode Island Group Health Association (RIGHA), complaining of vomiting, and a RIGHA employee gave him a prescription over the phone. Three days later, on August 3, 1987, Michael Ashey again telephoned RIGHA and was given advice over the phone. On August 4, 1987, Michael Ashey underwent surgery at the

Miriam Hospital, and on August 7, 1987, he died.

In November of 1989 plaintiffs filed suit against RIGHA, alleging that RIGHA negligently treated their son. A trial justice in the Superior Court properly dismissed this suit because RIGHA's charter specifically precludes actions against the RIGHA corporation based upon the malpractice of its employees.

The plaintiffs then brought a second suit on February 25, 1991, three years and six months after the death of Michael Ashey, against Dr. Audrey Kupchan, Dr. Linda Coffin, and Barbara Chace, C.N.P., alleging that these individuals negligently advised and treated their son just prior to his death and that this negligence caused Michael Ashey's death.

The statute of limitations governing this action is G.L.1956 (1985 Reenactment) § 10–7–2, as amended by P.L.1989, ch. 525, § 1. It reads in pertinent part:

"With respect to any death caused by any wrongful act, neglect or default which is not known at the time of death, such action shall be commenced within three (3) years of the time that the wrongful act, neglect or default is discovered or, in the exercise of reasonable diligence, should have been discovered."

The defendants filed a motion for summary judgment, arguing that since plaintiffs discovered the wrongful act at the time of Michael Ashey's death and failed to file a complaint for more than three years, § 10–7–2 time bars plaintiffs' lawsuit. In opposition to this motion plaintiffs raised two arguments. First, plaintiffs suggested that the discovery date should be July 1, 1988, the date that plaintiffs received a letter from an expert stating that these defendants were negligent in failing to bring Michael Ashey to the hospital on the basis of the symptoms he described over the phone. Second, plaintiffs argued that at the very least, the date that plaintiffs discovered the "wrongful act" was a question of fact for the jury and accordingly that the trial justice's resolution of this issue at the summary-judgment stage of the litigation was inappropriate.

■ In deciding whether to grant a motion for summary judgment, the trial justice must review the pleadings, the affidavits, the admissions, the answers to interrogatories, and other items in the light most favorable to the nonmoving party. If this review reveals no issues of material fact, the trial justice must then decide if the moving party is entitled to judgment as a matter of law. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987).

■ We begin with the trial justice's conclusion that July 1, 1988, the date that plaintiffs received a letter from an expert, should not be the discovery date. The trial justice noted,

"To say that the [statute of limitations] doesn't start running until we have an opinion from an expert that there was medical malpractice, that is not the—that is not what the discovery rule addresses at all. To follow your line of reasoning, that would extend the statute of limitations indefinitely until someone had a letter saying, 'It's my opinion that there was malpractice.' "

We agree with the trial justice that the date that plaintiffs tracked down an expert to confirm their suspicions of negligence is not the operative discovery date.

We also agree with the trial justice that this case is appropriate for summary judgment because there are no material facts in dispute. Section 10–7–2 states that the discovery date is the date that the plaintiffs knew or should have known of the "wrongful act" that is the basis of their lawsuit. It is undisputed that in August 1987 plaintiffs knew of the events that preceded Michael Ashey's death. This knowledge of the wrongful act—the failure of these defendants to treat the decedent adequately after the initial phone conversations—triggered the statute of limitations. Because the three-year period has passed, § 10–7–2 time bars plaintiffs' suit as a matter of law.

Finally we note that plaintiffs' attempt to employ the discovery rule in this case belies the very reason for the rule's existence. In *Wilkinson v. Harrington*, 104 R.I. 224, 237, 243 A.2d 745, 752 (1968), we

held that the discovery rule applied to a medical malpractice case wherein an injury remained latent for years, undiscoverable by the victim. Similarly in *Anthony v. Abbot Laboratories*, 490 A.2d 43, 45 (R.I. 1985), we held that the statute of limitations in a product liability action against a drug company does not begin to run until the plaintiff discovers the manufacturer's wrongful conduct. In both cases we expanded the statute of limitations period to protect individuals suffering from latent and potentially undiscoverable injuries.

There is nothing undiscoverable about the injury or the negligence in this case. The plaintiffs were aware of the wrongful conduct shortly after the death of Michael Ashey. The application of the statute of limitations is a matter of law for the trial justice to determine. We believe that the trial justice correctly ruled that § 10–7–2 time bars the plaintiffs' lawsuit as a matter of law.

We deny and dismiss the plaintiffs' appeal and affirm the judgment of the Superior Court.

WEISBERGER, J., did not participate.