## RICHMOND SQUARE CAPITAL CORPORATION

v.

## Richard MITTLEMAN, et al.

### No. 95–586–Appeal.

Supreme Court of Rhode Island.

Feb. 20, 1997.

Lauren Jones, Vincent A. Indeglia, Providence.

John T. Walsh, Jr.

### ORDER

This matter came before the Supreme Court for oral argument on January 24, 1997 pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Richmond Square Capital Corporation (plaintiff), appeals from a Superior Court order granting summary judgment for the defendants, Richard Mittleman, the law firm of Cameron and Mittleman, and Does 1–3 (collectively as defendants). After hearing the arguments of counsel and reviewing their memoranda, we perceive no cause and, there-

---

fore, proceed to decide this matter without further briefing or argument.

The plaintiff retained defendants to represent its interest in connection with a loan to be made to Parking Corporation of America, and to be secured by mortgages on several pieces of real estate, including the Shepard Building located in downtown Providence. According to plaintiff, the defendants had represented that the Shepard Building was free and clear of all encumbrances.

On June 28, 1990, the loan closing took place and all of the necessary loan-mortgage documents were executed, and later recorded. Some six months later, on December 6, 1990, plaintiff received mail notice of a city of Providence tax sale scheduled for the Shepard building on December 28, 1990 and listing the delinquent taxpayers as Jagdish Sachdev and Alan Brier. Harold Schein, the plaintiff's principal, immediately faxed the tax sale notice to defendant Mittleman and requested an explanation. Mittleman responded that he "would take care of it." He then contacted the city tax collector and negotiated a payment plan for the delinquent taxes. Mittleman then requested that Schein forward him $74,493.34 as partial payment of the delinquent taxes in order to avoid the tax sale of the Shepard Building, and on December 19, 1990, Mittleman paid that amount to the city collector. On December 21, 1990, Mittleman, in addition to having delivered the plaintiff's $74,493.34 tax installment payment to the city tax collector, wrote a letter to the collector in which he advised the collector that he would be representing the plaintiff regarding the delinquent Shepard Building tax problem.

It is plaintiff's contention that it was not until sometime in February, 1991 that it finally learned from the defendants that they had neglected to obtain a municipal tax lien certificate prior to the June 28, 1990 loan closing in order to ascertain whether any municipal taxes were due and outstanding on the Shepard Building. It was this act of negligence that prompted plaintiffs to file suit for legal malpractice on December 17, 1993.

The defendants, denying any allegations of their alleged negligence, filed a motion for summary judgment, contending that the three-year statute of limitations for legal malpractice actions (G.L. § 9–1–14.3) had expired. They asserted that if there was any malpractice, it occurred prior to the loan closing on June 28, 1990. They conceded, however, that, at the very latest, the statute-of-limitations began to run on December 6, 1990, when the plaintiff received the notice of the scheduled tax sale of the Shepard Building because of delinquent past due property taxes.

The plaintiff, in defending against the summary judgment motion, argued that the discovery provision set forth in G.L. 1956 § 9–1–14.3(b), or, alternatively, the concealment provision set forth in § 9–1–20, delayed its knowledge of the accrual of its cause of action until it first was able to learn of defendants' malpractice in February 1991 when defendant Mittleman informed them that he had failed to obtain the municipal-lien certificate. The plaintiff also asserted that the doctrine of continued representation should be applied in order to toll the three year statute-of-limitations until the last date that defendants represented plaintiff's interest, which plaintiff's claimed was December 21, 1990.

A Superior Court motion justice, after hearing on the defendants' motion for summary judgment, concluded that the statute-of-limitations clock began to run on December 6, 1990, when plaintiff received the notice of the pending tax sale from the city tax collector. Consequently, she found that because plaintiff did not file its action until December 17, 1993, that action was time barred and summary judgment in favor of defendant was granted. Final judgment thereon entered and the plaintiff duly claimed its appeal to this Court.

Our review of the record convinces us that the motion justice erred in finding that the statute-of-limitations on the plaintiff's cause of action began to run on December 6, 1990. The December 6, 1990 letter from the city tax collector, notifying the plaintiff of the December 28, 1990 scheduled tax sale because of delinquent taxes owed by Jagdish Sachdev and Allan Brier, was insufficient to

alert the plaintiff that its attorneys had been negligent. *See Bigden v. Cuculo,* 658 A.2d 911–12 (R.I.1995) (cause of action for legal malpractice arising out of counsels' failure to disclose existence of tax lien "accrue[d] when clients became aware of the existence of the lien although they did not make payment to discharge the lien until [a later date].") Additionally, the plaintiff's immediate inquiry regarding the tax sale notice made to the defendant Mittleman, and his reply that he would take care of it would certainly blunt any suspicions that Mittleman had been negligent.

Unfortunately, the record before us is devoid of any indication of exactly when, after December 6, 1990, the plaintiff in the exercise of reasonable diligence should have discovered the existence of the tax lien and of Mittleman's alleged negligence. It is significant to note that the December 6, 1990 tax collector's letter makes no mention of any tax lien. In addition, even after the plaintiff forwarded its December 17, 1990 check for part payment of the overdue taxes, Mittleman, on December 21, 1990, in a letter to the city tax collector, a copy of which he also sent to the plaintiff, carefully avoided any mention of the existence of a tax lien and in fact actually disputed any obligation on the part of the plaintiff to have made the partial tax payment in order to have its Shepard Building excluded from the scheduled tax sale. A copy of Mittleman's December 21, 1990 letter that was sent to the plaintiff stated in pertinent part:

> "Although not legally required, but in order to remove this parcel of real estate from a scheduled tax sale on December 28, 1990, I gave to you my client's check in the amount of Seventy-nine Thousand Four Hundred Ninety-three Dollars and 34/100 ($79,493.34) which you indicated pays the 1989 taxes."

Drawing all reasonable inferences, as we must, in plaintiff's favor, *Sorenson v. Colibri Corp.,* 650 A.2d 125, 127 (R.I.1994), we conclude that it was possible that plaintiff did not discover the tax lien until at least on or after December 17, 1990, the date of plaintiff's check for partial payment of the overdue taxes. As a result, the fixing of the exact date of plaintiff's discovery of the defendant's negligence from which the action limitation period would commence to run, certainly presented a genuine issue of material fact that precluded an award of summary judgment.

In view of our determination that summary judgment was not proper, we need not address whether G.L. § 9–1–20 or the continuing representation doctrine are applicable in this case.

For the foregoing reasons, the plaintiff's appeal is sustained, the final judgment appealed from is vacated, and the papers in this case are remanded to the Superior Court for further proceedings therein.