**Dolores CIAMBRONE**

v.

**COIA & LEPORE, LTD. et al.**

**No. 2002–59–Appeal.**

Supreme Court of Rhode Island.

April 10, 2003.

Christopher P. Corbett, for Plaintiff.

Lawrence P. McCarthy, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on February 4, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

On February 5, 1999, the plaintiff, Dolores Ciambrone (Ciambrone or plaintiff), filed suit against the defendants, the law firm of Coia & Lepore, Ltd., and an attorney in the firm, Raymond Coia (collectively as Coia or defendants), alleging attorney malpractice. Ciambrone alleged negligent misrepresentation arising from erroneous advice that Coia allegedly gave her about her eligibility for accidental disability retirement benefits. A Superior Court hearing justice granted summary judgment in defendants' favor on the ground that the suit was time-barred pursuant to G.L.1956 § 9-1-14.3.[1] The plaintiff timely appealed. We affirm.

In her complaint,[2] Ciambrone alleged that she relied on the advice provided by Coia to her detriment, and accepted a workers' compensation settlement offer based on her understanding that she was eligible to apply for an accidental disability pension from her employer, the State of Rhode Island. In reality, pursuant to G.L. 1956 § 36-10-14, when Coia allegedly ren-

---

1. General Laws 1956 § 9-1-14.3 provides in relevant part:

 "**Limitation on legal malpractice actions.**—Notwithstanding the provisions of §§ 9-1-13 and 9-1-14, an action for legal malpractice shall be commenced within three (3) years of the occurrence of the incident which gave rise to the action; provided, however, that:

 " * * *

 "(2) In respect to those injuries due to acts of legal malpractice which could not in the exercise of reasonable diligence be dis-

 coverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of legal malpractice should, in the exercise of reasonable diligence, have been discovered."

2. Ciambrone filed the original complaint on February 5, 1999. However, she subsequently amended the complaint, on February 17, 1999, to include some minor language changes. The essential terms of the facts and allegations remained unchanged at that time.

dered this incorrect advice, the time to apply for a disability pension—three years from the date of injury or recurrence—already had expired.[3] The plaintiff alleged that but for the reassurances given to her by Coia, she would have refused the workers' compensation settlement offer and would have continued to receive her weekly workers' compensation payment.

Relying on the three-year statute of limitations set forth in § 9–1–14.3 for lawyer malpractice, defendants moved for summary judgment and argued that Ciambrone's claim was time-barred and, further, that plaintiff failed to establish that Coia's alleged negligent advice was the proximate cause of her damages. The trial justice granted the motion on a finding that the suit was untimely. In so doing, he relied on Ciambrone's deposition testimony that she was represented by defendants from 1983 to 1994, and concluded that any malpractice had to have occurred before 1994, more than three years before the lawsuit was filed, February 5, 1999.

■ The basic facts are not in dispute. In 1982, while employed as a social worker for the State of Rhode Island, Ciambrone suffered a work-related injury. On May 10, 1983, she retained Coia to assist her in securing total disability benefits, and she again sought defendants' services upon a recurrence of her injury four years later. With the assistance of Coia, Ciambrone settled her workers' compensation case on May 6, 1991, and received a lump sum settlement of $29,750. Ciambrone alleged that she accepted the settlement because she relied on Coia's erroneous advice that she was eligible to seek an accidental disability pension. Several months after settling her workers' compensation claim, Ciambrone applied for both accidental and ordinary disability benefits from the state. But the resolution of her benefits application was delayed because of a conflict concerning the percentage of contributions made by the state. Thereafter, on April 15, 1994, Coia accompanied Ciambrone to a meeting with James M. Reilly (Reilly), assistant executive director of the Employees' Retirement System, to discuss her pension options. The discussion between plaintiff and Reilly is when Ciambrone became aware of Coia's alleged legal malpractice and is the basis of our conclusion that her claim was time-barred pursuant to the provisions of § 36–10–14.

In a deposition taken on May 25, 2000, Ciambrone testified that it was at the 1994 meeting with Reilly that she first was advised of her ineligibility for accidental disability retirement benefits. As a result of this discussion on April 15, 1994, Ciambrone was on notice of Coia's alleged malpractice. However, in a later affidavit, prepared in August 2001, plaintiff alleged that she did not remember this discussion with Reilly. Instead, she alleged that she did not recall Reilly's informing her that the time to apply for a disability pension had passed, and recalled only that Reilly discussed the state's percentage of contributions made on her behalf. On the basis of this affidavit, plaintiff alleged that a factual dispute existed about when she discovered Coia's negligence and that defendants' motion for summary judgment therefore was not warranted.

Just as there are inconsistencies in her recollections of exactly when she discovered Coia's malpractice, so, too, are there various inconsistencies in Ciambrone's claim of damages. Although Ciambrone alleged in her complaint that damages

---

**3.** General Laws 1956 § 36–10–14(b) provides that to apply for accidental disability retirement benefits, the application shall be made within the later of five years from the date of the original injury or three years from the date of a re-injury or aggravation.

arose from the incorrect advice she received when she settled her workers' compensation case, she asserted a different basis for damages in her subsequent answers to interrogatories and memorandum opposing a summary judgment. In those pleadings, plaintiff argued that the injury occurred as a result of defendants' failure to timely inform her of the deadline for seeking an accidental disability pension and that this negligence resulted in her being deprived of those benefits.

On appeal, Ciambrone argues that the trial justice erroneously failed to consider the discovery provision in § 9–1–14.3(2) which allows for the commencement of suit within three years of the time that the malpractice was discovered or, in the exercise of reasonable diligence, should have been discovered. She argues that her claim falls within this exact circumstance and, when this evidence is viewed in the light most favorable to the nonmoving party, the trial justice should have denied summary judgment. Ciambrone contends that the issue of when she became aware of her ineligibility for a disability pension is a disputed issue of fact to be resolved by the fact-finder. Furthermore, although she acknowledges that the trial justice, having found the statute of limitation to be dispositive, did not address the issue of proximate cause, she argues to this Court that the issue of whether defendants' action was the proximate cause of her injuries appears on this record and that a trial on this issue is warranted.

The defendants assert that there are no disputed issues of fact about when Ciambrone first discovered that she was ineligible for accidental disability benefits. Coia argues that Ciambrone never contradicted her deposition testimony in which she admitted that Reilly informed her of her pension ineligibility in 1994, and that her later assertions about this meeting are equivocal. We note that the trial justice was provided with an affidavit from Reilly attesting to the substance of his 1994 meeting with plaintiff and that she was advised that, pursuant to the provisions of § 36–10–14, she was not entitled to a disability pension.

Additionally, defendants argue that plaintiff failed to establish that Coia's advice was the proximate cause of her alleged injuries, a necessary element for a claim of legal malpractice. The defendants allege that at the time of Coia's incorrect advice, plaintiff already was time-barred from seeking an accidental pension benefit and that her judicial admission before the workers' compensation judge that she was able to return to work, is dispositive on the issues of damages. By her own admission, plaintiff no longer was eligible to receive weekly payments, regardless of the advice she received about a disability retirement. Accordingly, defendants argue, the suggestion that plaintiff would have declined the settlement and would have been entitled to continuing weekly benefits is without merit.

■ This Court reviews a trial justice's grant of summary judgment on a *de novo* basis, applying the same criteria as those employed by the trial justice. *Regan v. Nissan North America, Inc.*, 810 A.2d 255, 257 (R.I.2002) (per curiam) (citing *Heflin v. Koszela*, 774 A.2d 25, 29 (R.I.2001)). The duty of a trial justice in deciding a motion for summary judgment, and therefore the duty of this Court in the present appeal, is issue finding rather than issue resolution. *Maggiacomo v. Stanley*, 771 A.2d 896, 898 (R.I.2001) (mem.) (citing *GMAC v. Johnson*, 746 A.2d 122, 124 (R.I. 2000) (per curiam)). In reviewing the pleadings, affidavits, and discovery materials, the trial justice should draw all reasonable inferences in favor of the nonmoving party and refrain from weighing the evi-

dence or passing upon issues of credibility. *Superior Boiler Works, Inc. v. R.J. Sanders, Inc.*, 711 A.2d 628, 631 (R.I.1998) (citing *Rustigian v. Celona*, 478 A.2d 187, 189 (R.I.1984) and *Kirby, Inc. v. Weiler*, 108 R.I. 423, 425, 276 A.2d 285, 286–87 (1971)).

That said, we are of the opinion that plaintiff has failed to demonstrate any factual disputes sufficient to warrant a trial on the merits. After reviewing the admissible evidence in the light most favorable to Ciambrone, we agree with the hearing justice that no genuine issue of material fact exists on this record and that defendants properly were entitled to judgment as a matter of law. *See Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998). We are careful in making this determination, fully cognizant that summary judgment "is a drastic remedy to be granted sparingly[.]" *Superior Boiler Works, Inc.*, 711 A.2d at 631; *see also McPhillips v. Zayre Corp.*, 582 A.2d 747, 749 (R.I.1990). Nevertheless, we affirm the judgment of the Superior Court.

Although, in opposition to summary judgment Ciambrone unequivocally asserted by affidavit that she discovered Coia's alleged negligence in 1996, she never retracted her deposition testimony in which she admitted that she first learned of Coia's incorrect advice during the 1994 meeting with Reilly. The fact that her recollection in August 2001 is not as precise as it was in her May 2000 deposition is of no moment to this appeal. Evidence that plaintiff no longer can remember a conversation she previously testified to in a sworn deposition is just that—a loss of memory about a damaging piece of evidence; it is not evidence that the conversation did not occur. The plaintiff's undisputed admission that she became aware of her ineligibility in 1994 is determinative on this issue. Her subsequent failure of memory neither contradicts her earlier ad-

mission nor does it raise an issue of fact. We reject plaintiff's argument that the discovery provision in subsection (2) of § 9–1–14.3 saves her claim. We need not address whether Ciambrone used reasonable diligence to discover negligent advice as late as 1996; her admission that she learned about the alleged malpractice two years previous is conclusive. The plaintiff had three years from the 1994 meeting with Reilly to file suit against Coia and, having waited until 1999, her claim was time-barred, and summary judgment in defendants' favor was correct.

 Although the trial justice correctly rested his decision on the statute of limitations and did not address the issue of proximate cause, we agree with defendants that plaintiff has failed to demonstrate any damages that were proximately caused by Coia's allegedly deficient advice. It is undisputed that the time for seeking a disability pension already had expired when Coia informed plaintiff that she could apply for disability pension benefits. "In order to prevail on a negligence-based legal malpractice claim, a plaintiff must prove by a fair preponderance of the evidence not only a defendant's duty of care, but also a breach thereof and the damages actually or proximately resulting therefrom to the plaintiff." *Richmond Square Capital Corp. v. Mittleman*, 773 A.2d 882, 886 (R.I.2001) (quoting *Macera Brothers of Cranston, Inc. v. Gelfuso & Lachut, Inc.*, 740 A.2d 1262, 1264 (R.I.1999) (per curiam)). The plaintiff argues that ample evidence was produced that would permit a jury to conclude that defendants' advice was negligent and that this negligence was proximately related to her damages. However, we are confronted with a record that includes more than one theory of damages. Ciambrone originally stated that she would not have settled her workers' compensation claim without Coia's re-

assurances that she was eligible for accidental disability benefits, and that but for this advice, she would have continued receiving weekly payments. The defendants counter that by her own admission, plaintiff was capable of returning to work and no longer was eligible to receive weekly benefits. But in her answers to interrogatories, Ciambrone altered the basis for damages and alleged that it was Coia's failure to timely advise her to apply for a disability pension that formed the basis of her claim.

Regardless of Ciambrone's wavering position, the record fails to establish the crucial element of proximate cause. We note that Ciambrone never amended her complaint in which she alleged that it was Coia's 1991 settlement recommendation and not his alleged failure to give timely advice in 1990 that formed the basis for her damage claim. Because Ciambrone already was time-barred when the incorrect advice allegedly was given in 1991, whatever injuries plaintiff may have incurred are not proximately related to Coia's alleged negligence.

For the foregoing reasons, the plaintiff's appeal is denied and dismissed and the judgment is affirmed. The papers in the case may be remanded to the Superior Court.