May 21, 2026

**Supreme Court**

No. 2024-228-Appeal.
(KC 20-362)

John H. Williams et al.        :

v.        :

Elizabeth McDonough Noonan et al.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

John H. Williams et al.         :

v.               :

Elizabeth McDonough Noonan et al.    :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Robinson, for the Court.**  The plaintiffs,[1] John H. Williams and Warwick Cove Marina, Inc. (the Marina), appeal from an April 2, 2024 final judgment in favor of the defendants, Attorney Elizabeth McDonough Noonan and the law firm Adler Pollock & Sheehan P.C. (Adler Pollock).  The plaintiffs contend that the hearing justice erred in granting the defendants' motion for summary

---

[1]  Throughout this opinion, we will use the term "plaintiffs" to refer collectively to Warwick Cove Marina, Inc. and John H. Williams in his capacity as president and sole stockholder of all shares of that corporation.  However, the plaintiffs have not provided any evidence other than Mr. Williams's own conclusory affidavit (which contradicts his prior deposition testimony) to support their assertion that Mr. Williams ever retained Attorney Noonan or her law firm to represent him personally. Accordingly, we do not view Mr. Williams as being a party to this case in his individual capacity. *See Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 533 (R.I. 2013) ("This Court has made it clear that 'conclusory assertions in an affidavit filed in opposition to a motion for summary judgment are inadequate to establish the existence of a genuine issue of material fact * * *.'") (quoting *Soave v. National Velour Corporation*, 863 A.2d 186, 192 (R.I. 2004)).

- 1 -

judgment because "there were substantial facts presented in the verified complaint and the [plaintiffs'] affidavit to create material issues of fact" relative to the defendants' statute of limitations argument. The plaintiffs also contend that the hearing justice's "decision that there was no attorney-client relationship as it relates to Mr. Williams * * * was clearly wrong on that issue." It is the plaintiffs' further contention that, because "one can amend interrogatories prior to the time when decision is closed," the hearing justice erred in ruling that there was no viable legal malpractice claim given that they had failed to present any expert testimony.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

# Facts and Travel

This is an action alleging legal malpractice (Count I) stemming from Attorney Noonan's representation of the Marina in connection with various appeals concerning taxes allegedly due to the City of Warwick, Rhode Island (the City).

The Marina is the owner of certain property located in Warwick. According to the Verified Complaint, John H. Williams "is the president and sole stockholder of all shares of" the Marina. In 2008, by way of a written engagement letter, Mr. Williams retained another Adler Pollock attorney (not a defendant in this case) with respect to a dredging permit relative to certain property owned by the Marina. In 2010, during the course of that attorney's representation of the Marina concerning the dredging permit and without entering into a separate written retainer agreement, Mr. Williams retained Attorney Noonan and Adler Pollock to provide legal services to represent the Marina in connection with an ongoing controversy with the City regarding various property taxes imposed by the City.

Some ten years later, the adequacy (*vel non*) of those legal services would be the subject of the instant case.[2] And as we explain *infra*, the hearing justice ultimately granted summary judgment on the basis of the pertinent statute of limitations—a ruling that we analyze and eventually sustain in Part IV of this opinion. Accordingly, it is not necessary for us to describe in detail the extensive professional efforts of Attorney Noonan to resolve the Marina's tax issues. The existence of those efforts is undisputed. The contemporaneous discussions and

---

[2]    The defendants were retained by the Marina in 2010. The plaintiffs commenced this action on April 21, 2020. Final judgment in defendants' favor was entered on April 2, 2024.

contacts between Mr. Williams and Attorney Noonan concerning those efforts are specifically alluded to in Mr. Williams's deposition testimony.[3]

After defendants had represented the Marina for several years, most notably in the form of attempts by Attorney Noonan to reach a settlement agreement with the City, the Marina decided to seek different legal representation. In mid-December of 2016, Attorney Robert J. Caron was engaged to represent the Marina. On January 6, 2017, Attorney Caron sent a letter to Attorney Noonan and stated that he had been retained by Mr. Williams "to take over his property tax matters currently pending before the City of Warwick." Thereafter, Attorney Noonan did not perform any further legal work relative to the Marina's tax appeals. On February 15, 2017, Attorney Noonan tendered to Attorney Caron her files relative to the Marina's tax issues.

Over three years later, on April 21, 2020, plaintiffs filed a two-count Verified Complaint in the Superior Court. In Count I, plaintiffs alleged that "the legal services provided by the Defendants were negligent and constituted legal malpractice" because "the Defendant [*sic*] negligently failed to act with a degree of competence necessary to zealously represent the interest of the Plaintiffs." In a separate count (Count II), plaintiffs alleged: "The negligent representation and/or

---

[3]  It is noteworthy that, at one point in his deposition, Mr. Williams testified that, while Attorney Noonan's efforts were ongoing, he reached the conclusion that "the homework" was not being done.

legal services provided to the Plaintiff [*sic*] by the Defendant [*sic*] are a breach of the terms and conditions of the contract between the parties."[4]

On November 9, 2023, after both parties had engaged in the discovery process, defendants filed a motion for summary judgment, in which they contended (1) that plaintiffs' claims of negligence and legal malpractice were barred by the three-year statute of limitations established by G.L. 1956 § 9-1-14.3; (2) that Mr. Williams "lack[ed] standing to pursue a cause of action in his individual capacity[;]" and (3) that "the undisputed facts fail[ed] to support a claim for legal malpractice" because plaintiffs could not "establish duty or causation without an expert" and because the "[u]ndisputed evidence fail[ed] to demonstrate that Defendants fell below the requisite standard of care."

In response, plaintiffs contended (1) that "[t]here [was] ample evidence that supports a showing that Plaintiff John H. Willaims [*sic*] had a contractual agreement with the Defendants[;]" (2) that "[t]here [was] no evidence in the record that supports Defendants' contention" that "Plaintiffs were aware of the alleged malpractice of the

---

[4]    It will be recalled that Count II of the Verified Complaint set forth a breach of contract claim.  Assuming without deciding that such a claim was viable in view of the pleaded facts, we need not address it because plaintiffs' statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure presents no argument relative to Count II.  Therefore, we deem the issue waived. *See, e.g.*, *Rice v. State*, 38 A.3d 9, 16 n.10 (R.I. 2012) ("We note that this Court will deem as waived issues that the appellant fails to brief * * *."); *Merida v. State*, 93 A.3d 545, 552 (R.I. 2014).

Defendants at the time of Defendants' withdrawal of counsel for the Plaintiffs[;]" (3) that "receiver Richard Land testified at his deposition that the failure to resolve the tax issues, was the sole reason for the appointment of a receiver and the ultimate sale of the assets of the Plaintiffs[;]"[5] and (4) that "a review of the court records verifies the fact that no proceedings, with the exception of the initial filing of the complaints, were performed by the Defendants on the Plaintiffs' behalf."

On March 25, 2024, a hearing on defendants' motion for summary judgment was held, at the conclusion of which the hearing justice ruled (1) that Mr. Williams did not have standing to sue for legal malpractice because he "was not represented in his individual capacity and the attorney/client relationship regarding the taxes and the asserted [legal] malpractice claims solely extend[ed] to Warwick Cove Marina[;]" (2) that the three-year statute of limitations had run as to plaintiffs' claims; (3) that plaintiffs' failure to provide expert testimony as to the standard of care was "detrimental to their legal malpractice claim[;]" and (4) that defendants did not cause plaintiffs' injuries.

On April 2, 2024, an order reflecting the hearing justice's decision was entered; on the same day, final judgment in favor of defendants was entered. The plaintiffs filed a timely notice of appeal on April 15, 2024.

---

[5]  At some point after Attorney Noonan no longer represented the Marina, a receivership action was commenced. The substance of what transpired in that regard is of no relevance to the case at bar.

## II

## Issues on Appeal

The plaintiffs contend that the hearing justice erred in granting the motion for summary judgment because "there were substantial facts presented in the verified complaint and the [plaintiffs'] affidavit to create material issues of fact on whether the three (3) year exception began to run." They also contend that the hearing justice's "decision that there was no attorney-client relationship as it relates to Mr. Williams * * * was clearly wrong on that issue." The plaintiffs further contend that the hearing justice erred in ruling "that there was no legal malpractice based upon the fact that the * * * [p]laintiffs failed to present any expert opinion" because "one can amend interrogatories prior to the time when decision is closed."

## III

## Standard of Review

This Court reviews a hearing justice's grant of summary judgment *de novo*, "utiliz[ing] the same standards and rules used by the hearing justice." *DiMaggio v. Tucker*, 288 A.3d 981, 985 (R.I. 2023) (internal quotation marks omitted). In doing so, "we review the evidence in a light most favorable to the nonmoving party and will affirm the judgment if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Lynch v. Spirit Rent-A-Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009)). It is also a basic principle that

"[t]he party opposing summary judgment bears the burden of proving, by competent evidence, the existence of facts in dispute." *Meeks v. Stop & Shop Supermarket Company, LLC*, 289 A.3d 1179, 1183 (R.I. 2023) (internal quotation marks and deletion omitted). The nonmoving party may not "rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Classic Entertainment & Sports, Inc. v. Pemberton*, 988 A.2d 847, 849 (R.I. 2010) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996)).

In addition, it is important to recall that we have stated that "[t]he application of the statute of limitations is a matter of law for the trial justice to determine." *Hanson v. Singsen*, 898 A.2d 1244, 1248 (R.I. 2006) (quoting *Ashey v. Kupchan*, 618 A.2d 1268, 1270 (R.I. 1993)); *see also Hall v. Insurance Company of North America*, 727 A.2d 667, 669-70 (R.I. 1999) ("The question of whether a statute of limitations has run against a plaintiff's claim is * * * a question of law * * *."). Accordingly, we "review *de novo* the propriety of the hearing justice's statute of limitations determination." *Heflin v. Koszela*, 774 A.2d 25, 31 (R.I. 2001); *see Balletta v. McHale*, 823 A.2d 292, 294 (R.I. 2003).

## IV

### Analysis

As we have noted, plaintiffs contend that, in granting defendants' motion for summary judgment, the hearing justice erred in concluding as a matter of law that

the statute of limitations had run on plaintiffs' claim of legal malpractice; they contend that "there were factual issues on when [plaintiffs] knew or should have known the alleged legal malpractice." It is plaintiffs' position that they "did not know of the alleged malpractice until the Receiver's first and final report * * *." For their part, defendants contend that the hearing justice correctly concluded that the statute of limitations bars the instant claims.

General Laws 1956 § 9-1-14.3 sets forth the three-year statute of limitations governing legal malpractice actions. The discovery rule exception to the plain language of the statute of limitations (codified at § 9-1-14.3(2)) tolls application of the three-year statute of limitations for injuries due to alleged legal malpractice which "could not in the exercise of reasonable diligence be discoverable" at the time of the occurrence of the act or acts giving rise to the claim of malpractice. *See Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019).

We have held that the availability (*vel non*) of the discovery rule is governed by an objective standard. *Sharkey v. Prescott*, 19 A.3d 62, 66 (R.I. 2011). That standard requires only that "the plaintiff be aware of facts that would place a reasonable person on notice that a potential claim exists." *Id.* (quoting *Canavan v. Lovett, Schefrin and Harnett*, 862 A.2d 778, 784 (R.I. 2004)); *see Behroozi v. Kirshenbaum*, 128 A.3d 869, 873 (R.I. 2016). In the context of the discovery rule, the standard for reasonable diligence "is based upon the perception of a reasonable

person placed in circumstances similar to the plaintiff's, and also upon an objective assessment of whether such a person should have discovered that the defendant's wrongful conduct had caused him or her to be injured." *Mills v. Toselli*, 819 A.2d 202, 205 (R.I. 2003) (quoting *Martin v. Howard*, 784 A.2d 291, 300 (R.I. 2001)).

It is our opinion that the discovery rule exception does not apply in the present case and that plaintiffs' claim of legal malpractice is therefore barred by the three-year statute of limitations. We first note that, as the Verified Complaint states, Mr. Williams retained Attorney Noonan and Adler Pollock to represent the Marina in its tax appeals in or about 2010. They continued to represent the Marina with respect to those appeals until Mr. Williams retained Attorney Caron to represent the Marina regarding the tax appeals in December of 2016. Accordingly, the attorney-client relationship between Attorney Noonan and the Marina terminated at the latest on February 15, 2017, when Attorney Noonan finalized the transfer of the files regarding this case to Attorney Caron. Therefore, we perceive no error in the hearing justice's ruling that the three-year statute of limitations for plaintiffs' claim of legal malpractice began to run on February 15, 2017. (It will be recalled that plaintiffs' Verified Complaint was not filed in the Superior Court until April 21, 2020.)

With respect to plaintiffs' contention that they "did not know of the alleged malpractice until the Receiver's first and final report," a review of the record

contradicts this contention. Mr. Williams testified at his deposition that he was aware of Attorney Noonan's work to resolve the Marina's tax appeals through negotiations with the City at the time that those negotiations took place, as evidenced by e-mail communications and bills for legal services. Furthermore, Mr. Williams and Attorney Noonan both testified in their respective depositions as to specific disagreements between the two of them with respect to strategic decisions. Mr. Williams testified in detail as to his concerns with respect to Attorney Noonan's negotiation strategy. His testimony indicates that he was aware of specific work that Attorney Noonan conducted and that he was present for substantive negotiations. He stated that, in his opinion, "the homework" was not done and that his understanding of the negotiations in which Attorney Noonan participated is that "[t]hey were futile." It is clear that Mr. Williams's deposition testimony demonstrates that he was "aware of facts" that would lead him to believe that a potential malpractice claim existed. *See Behroozi*, 128 A.3d at 873 (holding that the plaintiff "was clearly aware of facts" that could give rise to a possible malpractice claim) (internal quotation marks omitted).

We have also scrutinized the statements set forth in Mr. Williams's affidavit, which was filed in opposition to defendants' motion for summary judgment. Mr. Williams's statement in his affidavit that "Plaintiffs did not discover the negligent legal representation by the Defendants until after the receiver issued his First and

Final Report" is inconsistent with statements that he made at his deposition. In that regard, we have expressed our "full agreement" with the following statement of the United States Court of Appeals for the First Circuit:

> "[W]hen a party has given answers to unambiguous questions in discovery, that party cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, unless there is a satisfactory explanation of why the testimony has changed." *Weaver v. American Power Conversion Corporation*, 863 A.2d 193, 200-01 (R.I. 2004) (internal quotation marks and brackets omitted) (quoting *Hernandez-Loring v. Universidad Metropolitana*, 233 F.3d 49, 54 (1st Cir. 2000)); *see Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994).

Notably, plaintiffs have offered no explanation for the apparent change in testimony. And it is further our view that the "PLAINTIFFS' AFFIDAVIT," which was sworn to by Mr. Williams, was insufficient to establish the existence of a genuine issue of material fact with respect to the time of discovery of any alleged legal malpractice in this case.

It is thus our opinion that the hearing justice did not err in concluding that the statute of limitations had run with respect to plaintiffs' claim of legal malpractice and that the discovery rule exception did not apply. Accordingly, it is our view that the hearing justice correctly granted defendants' motion for summary judgment.

Because we have determined that the application of the three-year statute of limitations set forth in § 9-1-14.3 bars Count I of the plaintiffs' complaint, we need

- 12 -

not address the plaintiffs' remaining contentions. *See Grady v. Narragansett Electric Company*, 962 A.2d 34, 42 n.4 (R.I. 2009) (noting this Court's "usual policy of not opining with respect to issues about which we need not opine"); *see also Summit Insurance Company v. Stricklett*, 199 A.3d 523, 533 (R.I. 2019).

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

Justice Goldberg participated in the decision, but she retired prior to its publication.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | John H. Williams et al. v. Elizabeth McDonough Noonan et al. |
| **Case Number** | No. 2024-228-Appeal. (KC 20-362) |
| **Date Opinion Filed** | May 21, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Thomas R. DeSimone, Esq. |
| | For Defendants:<br><br>Marc DeSisto, Esq. |