March 22, 2019

**Supreme Court**

No. 2018-11-Appeal.
(PC 16-3059)

| | |
|---|---|
| John Broccoli | : |
| v. | : |
| Walter Manning. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

John Broccoli                          :

v.                                     :

Walter Manning.                        :

Present:  Suttell, C.J., Goldberg, Robinson and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court for oral argument on December 5, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, John Broccoli (plaintiff or Broccoli), a *pro se* litigant, appeals from the Superior Court's entry of summary judgment in favor of the defendant, attorney Walter Manning (Manning or defendant).  After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and proceed to decide the appeal at this time.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

On March 12, 2013, a mortgage broker named Richard Dion (Dion) contacted defendant and asked if he would assist plaintiff in obtaining a modification on his mortgage payments and try to stop a foreclosure sale that was scheduled to occur on March 15, 2013, for property located at 1483 Mineral Spring Avenue, North Providence, Rhode Island (the property).  The defendant informed Dion that it was "highly unlikely" anything could be done "at such a late stage in the

foreclosure proceedings[,]" but he agreed to contact the mortgage company on plaintiff's behalf. That same day, at defendant's request, Dion obtained a signed "Authorization Form" executed by plaintiff at Manning Law Offices' satellite office. The form authorized Manning Law Offices to act as plaintiff's designated agent to discuss options with Bay View Loan Servicing (Bay View); according to plaintiff, "[t]he objective was to secure a more practical loan arrangement[.]" Specifically, the authorization form allowed Bay View "to work out the terms of [a] payment agreement with [defendant] and to cause to deliver requested documents to [defendant] that concerns a request for payment assistance." In addition, the authorization form stipulated that Bay View was to "immediately cease direct contact with [plaintiff] regarding [his] account" and required that all contact related to plaintiff's account be referred to defendant. Armed with the authorization, defendant contacted Bay View, only to discover that plaintiff was not the owner of the property. Bay View declined to speak to defendant in any detail because he did not have authorization from the true property owner and borrower, which was an entity named Brocco Development Corporation (Brocco).[1] Three days later, on March 15, 2013, the property was sold at a public foreclosure sale.

More than three years later, on July 1, 2016, plaintiff filed a complaint, *pro se*, in the Superior Court against defendant alleging breach of contract and fraud, and sought over

---

[1] The facts in the complaint allege, albeit vaguely, that Brocco Development Corporation owned the property located at 1483 Mineral Spring Avenue and leased all, or a portion of, the property to Spardello's Clothiers, a now-defunct men's clothing store, with which plaintiff was affiliated in some capacity. In addition, although not alleged in the complaint or provided for in the discovery responses filed with the court, at a hearing on the parties' cross-motions for summary judgment, discussed in more detail *infra*, plaintiff's attorney clarified that plaintiff was the sole shareholder of Brocco Development Corporation.

$875,000 in damages.[2] The defendant, also acting *pro se*, filed an answer in which he denied the allegations and asserted several affirmative defenses, including lack of standing, insufficient service of process, and failure to state a claim upon which relief could be granted. On March 24, 2017, plaintiff moved for summary judgment and argued, in essence, that defendant breached his fiduciary duty owed to plaintiff. The defendant filed an objection and a cross-motion for summary judgment, in which he proffered four arguments in opposition to summary judgment and in support of his cross-motion. Specifically, defendant argued that: (1) any claim against defendant would arise from a claim for legal malpractice, which was barred by the three-year statute of limitations for such claims; (2) plaintiff lacked standing to assert a cause of action against defendant because plaintiff was not the owner or the mortgagor of the property; (3) there was no attorney-client relationship between plaintiff and defendant; and (4) plaintiff could not establish any damages.

A hearing on the parties' cross-motions for summary judgment was held on October 11, 2017.[3] The parties agreed to pass plaintiff's motion and address only defendant's motion for summary judgment.[4] After hearing argument from the parties, the hearing justice granted

---

[2] The plaintiff also filed a complaint against defendant with this Court's Disciplinary Counsel; however, on April 15, 2016, that complaint was dismissed.

[3] Although plaintiff filed his complaint *pro se*, he was represented by counsel at the hearing on the parties' cross-motions for summary judgment.

[4] We pause to note that plaintiff seems to have filed two motions for summary judgment—the first motion was filed on July 1, 2016, and was attached to the complaint; the second motion for summary judgment was filed on March 24, 2017. The first motion for summary judgment that was attached to the complaint was the operative pleading at the hearing, with no mention of the second. Counsel for plaintiff stipulated that plaintiff had "filed a motion for summary judgment along with his * * * initial pleading" and that it was "too early for him to do that" because the pleadings "had not been all filed at that time." The plaintiff's counsel proceeded to claim that he was not prepared to argue plaintiff's motion for summary judgment and the motion was passed.

- 3 -

summary judgment in favor of defendant.[5]  In doing so, the hearing justice stated that it was difficult "to suggest this was anything other than a relationship against a professional defendant" in light of the fact that "the complaint itself states that the defendant committed fraud as an attorney and utilized his skill to the detriment of the plaintiff."  The hearing justice thus concluded that the complaint was "subject to the three-year statute of limitations for legal malpractice contained within * * * [§] 9-1-14.3."  The hearing justice next considered when that statutory period began to run and concluded, based upon plaintiff's answers to defendant's requests for admission, that plaintiff "knew the moment the foreclosure took place about the alleged negligence[,]" and therefore plaintiff "did not bring this cause of action in a timely fashion[.]"  The plaintiff appealed.

## Standard of Review

It is well settled that this Court reviews a hearing justice's grant of summary judgment *de novo*.  *See Credit Union Central Falls v. Groff*, 966 A.2d 1262, 1267 (R.I. 2009).  "We will affirm such a decision only if after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law."  *Prout v. City of Providence*, 996 A.2d 1139, 1141 (R.I. 2010) (internal quotation marks omitted).  Conversely, "if the record evinces a

---

[5] The plaintiff's complaint also alleged that defendant, or defendant's law firm, participated in a "scam" by allegedly purchasing the property at the foreclosure sale.  When questioned by the hearing justice about this allegation, defendant stated, several times, that he "Never, ever, ever owned the property."  However, after further prompting, defendant eventually conceded that he was "in the business of lending money on real estate ventures" and "lent money on this project, but [he] never owned the property."  Instead, defendant stated that he, along with other individuals, "liened the property for a loan [he] gave someone[.]"  The hearing justice expressed her concern about this transaction and stated, "Something doesn't sit right with me about the fact that you would finance a project when you had previously been asked to assist with preventing the foreclosure."  Nevertheless, she proceeded to rule in favor of defendant. We share the hearing justice's concerns.

genuine issue of material fact, summary judgment is improper and we will accordingly reverse." *Canavan v. Lovett, Schefrin and Harnett*, 862 A.2d 778, 783 (R.I. 2004).

## Discussion

We note at the outset that plaintiff has not provided this Court with any meaningful discussion of the issues on appeal as required by Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure, which provides: "Errors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court." In particular, plaintiff has failed to articulate how the hearing justice erred in granting defendant's motion for summary judgment. This Court generally deems an issue waived "when a party simply states an issue for appellate review, without a meaningful discussion thereof." *A. Salvati Masonry Inc. v. Andreozzi*, 151 A.3d 745, 750 (R.I. 2017) (brackets and deletion omitted) (quoting *In re Jake G.*, 126 A.3d 450, 458 (R.I. 2015)). "A mere passing reference to an argument, * * * without meaningful elaboration, will not suffice to merit appellate review." *State v. Day*, 925 A.2d 962, 974 n.19 (R.I. 2007); *see Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue."). Consequently, plaintiff's arguments are waived under this Court's raise-or-waive rule for failure to meaningfully develop or discuss what error was committed on the part of the hearing justice in this case.

Nonetheless, our review of the record convinces us that the hearing justice did not err in granting defendant's motion for summary judgment. "General Laws 1956 § 9-1-14.3 sets forth a

three-year statute of limitations for legal malpractice claims." *Behroozi v. Kirshenbaum*, 128 A.3d 869, 872 (R.I. 2016).  Section 9-1-14.3 provides, in relevant part, that:

> "Notwithstanding the provisions of §§ 9-1-13 and 9-1-14, an action for legal malpractice shall be commenced within three (3) years of the occurrence of the incident which gave rise to the action; provided, however, that:
>
> "* * *
>
> "(2) In respect to those injuries due to acts of legal malpractice which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of legal malpractice should, in the exercise of reasonable diligence, have been discovered."

Although plaintiff contends that a ten-year statute of limitations should apply to this "breach of contract with fraud" claim, his contention is belied by the pleadings.  The plaintiff's complaint alleges that defendant, as "an attorney, utilized his skills at eviction, while aware of his responsibility to labor on the behalf of [p]laintiff," and had "breach[ed] his * * * responsibilities, as contractor, for [p]laintiff, officer of the Court, State of Rhode Island, and knowingly disregarding" Rhode Island statutes.  We are hard-pressed to conclude that a "breach of contract with fraud" claim that centers on a defendant-attorney's attempt to obtain a mortgage-modification agreement on behalf of a plaintiff is anything but a legal malpractice claim that arose from a professional relationship, subject to the three-year statute of limitations set forth in § 9-1-14.3.

Moreover, plaintiff's contention that his "breach of contract with fraud" claim should be subject to a ten-year statute of limitations is meritless as the record is devoid of any evidence that a contract, express or implied, existed between the parties. This Court has previously declared that a valid contract requires "competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation." *DeAngelis v. DeAngelis*, 923 A.2d 1274, 1279 (R.I.

- 6 -

2007) (quoting *Rhode Island Five v. Medical Associates of Bristol County, Inc.*, 668 A.2d 1250, 1253 (R.I. 1996)). Assuming, *arguendo,* that plaintiff has established that there are competent parties, as set forth on the "Authorization Form," plaintiff nevertheless has failed to establish the remaining elements—namely, consideration, subject matter, and mutuality of agreement and obligation. Accordingly, plaintiff has failed to demonstrate that his claim against defendant should be subject to a ten-year statute of limitations for an action in contract or that the hearing justice erred in applying a three-year statute of limitations in this case.

Finally, it is our opinion that the hearing justice was correct in concluding that the statutory period for the plaintiff's claim against the defendant began to run in March 2013. The discovery-rule exception, codified in § 9-1-14.3(2), "requires only that the plaintiff be aware of facts that would place a reasonable person on notice that a potential claim exists." *Sharkey v. Prescott*, 19 A.3d 62, 66 (R.I. 2011) (quoting *Canavan*, 862 A.2d at 784). "The discovery rule does not require perfect crystallization of the nature and extent of the injury suffered or a clear-cut anchoring to the allegedly negligent conduct of a defendant." *Fogarty v. Palumbo*, 163 A.3d 526, 534 (R.I. 2017) (quoting *Bustamante v. Oshiro*, 64 A.3d 1200, 1207 (R.I. 2013)). Rather, a legal-malpractice plaintiff is afforded three years to commence suit from "the time that the act or acts of the malpractice should, in the exercise of reasonable diligence, have been discovered." Section 9-1-14.1(2). In the case at bar, the plaintiff concedes that he knew the moment the foreclosure took place that the defendant breached any alleged duty owed to the plaintiff. Specifically, the defendant's requests for admission sought an admission of the truth of the following factual statement: "It is the allegation of the Plaintiff that on the foreclosure date Plaintiff knew Defendant committed negligence." The plaintiff admitted the following in his answer to that request: "Absolutely I assert with each question you ask." We therefore conclude

that the hearing justice correctly granted the defendant's motion for summary judgment after concluding that the plaintiff's complaint, filed on July 1, 2016, was barred by the statute of limitations, which ran on March 15, 2016.

## Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed and the record may be remanded thereto.

Justice Flaherty did not participate.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | John Broccoli v. Walter Manning. |
| **Case Number** | No. 2018-11-Appeal.<br>(PC 16-3059) |
| **Date Opinion Filed** | March 22, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>John Broccoli, Pro Se<br>For Defendant:<br><br>Walter J. Manning, III, Pro Se |