Supreme Court
No. 2021-268-Appeal.

Rahim Caldwell             :

v.                 :

Jason Anthony et al.       :

## O R D E R

The plaintiff, Rahim Caldwell, appeals *pro se* from a Superior Court judgment dismissing the matter "on the merits" in favor of the defendants, Jason Anthony and Frederick Ghio. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

The plaintiff filed a complaint in Providence County Superior Court on September 30, 2019, which was subsequently amended on December 4, 2019. The amended complaint named Anthony, the Rhode Island College (RIC) director of admissions, and Ghio, the former RIC director of campus security and chief of police, as defendants. It raised thirty-six counts stemming from the revocation of plaintiff's admission to RIC. The plaintiff alleged that defendants "perpetrated

- 1 -

violations of his Rhode Island state constitutional rights, his United States * * * constitutional rights under the due process clause of the fourteenth amendment, [RIC] student bill of rights, Academic integrity board, including Student conduct board, When [*sic*] both Jason Anthony and Frederick Ghio made decisions that caused irreparable harm or injury to plaintiff's educational benefits at [RIC] including his liberty and property interests at [RIC]."

The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and for an award of attorneys' fees, to which plaintiff filed an objection. On July 13, 2021, and October 7, 2021, hearings on the motion to dismiss were held before a justice of the Superior Court. The plaintiff has not provided this Court with a transcript of those hearings.

On October 8, 2021, the hearing justice entered an order granting defendants' motion to dismiss. The order dismissed all claims against Anthony, based on "*res judicata* on account of proceedings in the matter of PC-2018-4590."[1] As to Ghio, the order dismissed all counts for failure to state a claim upon which relief could be granted. A separate order denying defendants' motion for attorneys' fees and a separate final judgment in favor of defendants were entered on the same day. On October 26, 2021, plaintiff filed a timely notice of appeal.

---

[1] The plaintiff has filed two other cases in Superior Court against one or both of the defendants: PC 18-4590 and PC 18-7908. The former was prematurely appealed to this Court and therefore was dismissed in May 2019.

On appeal, plaintiff fails to articulate any claim of error by the hearing justice, nor does he articulate with any specificity why the dismissal should be vacated. "This Court 'deems an issue waived when a party simply states an issue for appellate review, without a meaningful discussion thereof.'" *Palange v. Palange*, 243 A.3d 783, 785 (R.I. 2021) (mem.) (quoting *Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019)). We "will not search the record to substantiate that which a party alleges." *Id.* (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017)).

The plaintiff has additionally failed to provide this Court with a transcript. There is, therefore, no way for this Court to determine what objections the plaintiff may have made or what claims have been preserved for appeal. Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure requires an appellant to transmit to the Supreme Court "the record on appeal, *including the transcript necessary for the determination of the appeal*, * * * within sixty (60) days after the filing of the notice of appeal[.]" (Emphasis added.) Although "*pro se* litigants are often granted greater latitude by [a] court[,]" they are not exempt from our rules. *Terzian v. Lombardi*, 180 A.3d 555, 558 (R.I. 2018) (brackets omitted) (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005)). The plaintiff's "failure to provide this Court with a sufficient transcript precludes a meaningful review and leaves us no alternative but to deny the appeal and uphold the [hearing] justice's

findings." *Palange*, 243 A.3d at 784 (brackets and deletion omitted) (quoting *Calise v. Curtin*, 900 A.2d 1164, 1169 (R.I. 2006)).

Accordingly, we affirm the judgment of the Superior Court. The record may be returned to the Superior Court.

Entered as an Order of this Court this   20th   day of December, 2022.

By Order,

_____/s/ Debra A. Saunders, Clerk_____
Clerk

Justice Long did not participate.

- 4 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Rahim Caldwell v. Jason Anthony et al. | |
| **Case Number** | No. 2021-268-Appeal. <br> (PC 19-9870) | |
| **Date Order Filed** | December 20, 2022 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Rahim Caldwell, *Pro Se* | |
| | For Defendants: <br><br> Jeffrey S. Michaelson, Esq. | |