March 10, 2023

**Supreme Court**

Dean Pinelli et al.                    :

            v.                          :        No. 2021-303-Appeal.
                                                 (PC 20-7791)

Thomas Mercurio et al.                  :


Elena Massarone                         :

            v.                          :        No. 2021-330-Appeal.
                                                 (PC 20-6806)

Dean Pinelli et al.                     :


Dean Pinelli et al.                     :

            v.                          :        No. 2021-331-Appeal.
                                                 (PC 20-7791)

Thomas Mercurio et al.                  :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Dean Pinelli et al.          :

          v.          :          No. 2021-303-Appeal.
                                (PC 20-7791)

Thomas Mercurio et al.          :


Elena Massarone          :

          v.          :          No. 2021-330-Appeal.
                                (PC 20-6806)

Dean Pinelli et al.          :


Dean Pinelli et al.          :

          v.          :          No. 2021-331-Appeal.
                                (PC 20-7791)

Thomas Mercurio et al.          :


Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**  This opinion concerns three related but unconsolidated appeals that came before the Supreme Court pursuant to orders directing the parties to appear and show cause why the issues raised in these appeals should not be summarily decided.  In No. 2021-303-A and No. 2021-331-A, the defendants, Thomas Mercurio (Thomas) and John Mercurio (John) (collectively, the

Mercurios), appeal *pro se* from a Superior Court order granting the plaintiffs', Dean Pinelli (Dean) and Melissa Pinelli (Melissa) (collectively, the Pinellis), motion to adjudge the Mercurios in civil contempt. Similarly, in No. 2021-330-A, the plaintiff, Elena Massarone (Elena), appeals *pro se* from an identical Superior Court order granting the Pinellis' motion to adjudge Elena in civil contempt.[1] Following oral argument, we determined that these appeals should be consolidated for purposes of this opinion. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that these cases may be decided without further briefing or argument. For the reasons set forth herein, we affirm the orders of the Superior Court.

In PC 20-6806, Elena filed a complaint *pro se* in Providence County Superior Court on September 28, 2020, naming the Pinellis as defendants and seeking injunctive relief. A preliminary injunction was entered on October 9, 2020, which restrained Elena and the Pinellis from harassing, interfering with, molesting, or threatening each other directly or indirectly, in any manner. Following entry of this preliminary injunction, Elena filed a motion to adjudge Dean in contempt.

---

[1] These three related appeals arise from two related but unconsolidated lower court cases involving a neighborhood dispute between two families: the Pinellis and the Mercurios/Massarones. In PC 20-7791, the Pinellis filed suit against the Mercurios seeking injunctive relief, and in PC 20-6808, Elena filed suit against the Pinellis, similarly seeking injunctive relief. For purposes of clarity, all parties will be referred to by their first names. No disrespect is intended.

According to the Superior Court docket, various hearings were held over the next several months, with orders entered subsequent to each hearing enjoining the parties from harassing, interfering with, or threatening each other.

The Pinellis thereafter filed a motion to adjudge Elena in contempt, which was followed by another motion by Elena to adjudge the Pinellis in contempt. After several days of hearings on the complaint for injunction, an order was entered on May 12, 2021, issuing a three-year injunction further restraining Elena, Dean, and the Pinellis' minor son from harassing each other. All pending motions to adjudge in contempt filed by both parties were either denied or passed. The order stated specifically that "[t]he entry of this order is a fresh start for the parties and it is against this order that the parties' conduct will be evaluated." A little more than a week later, Elena filed yet another motion to adjudge Dean in contempt. The Pinellis responded in kind. Hearings on these motions, as well as on several other outstanding motions, were held on July 14 and July 15, 2021, August 25, 2021, and September 7, 2021. Ultimately, an order was entered on November 15, 2021, granting Elena's motion to adjudge the Pinellis in contempt in part and granting the Pinellis' motion to adjudge Elena in contempt, which Elena timely appealed.[2] Elena has not provided transcripts of any of these hearings to the Court.

---

[2] The Pinellis have not appealed the order adjudging them in contempt, and it was represented at oral argument that they have paid the fine associated therewith.

In PC 20-7791, the Pinellis filed a complaint *pro se* in Providence County Superior Court on November 6, 2020, naming the Mercurios as defendants and seeking injunctive relief.[3] The Pinellis sought a restraining order against the Mercurios due to "constant harassment, threats, intimidation and stalking[.]" After temporary restraining orders were entered against the Mercurios, hearings on the preliminary injunction were held on May 10, 2021, and June 17, 2021. On July 13, 2021, a three-year injunction issued as to both the Pinellis, including their minor son, and the Mercurios, preventing the parties from harassing, interfering with, or molesting each other either directly or indirectly. The parties each filed numerous motions to adjudge one another in contempt. Ultimately, a single order was entered on November 15, 2021, denying the Mercurios' motion to adjudge the Pinellis in contempt and granting the Pinellis' motion to adjudge the Mercurios in contempt, which was identical to the November 15, 2021 order entered in PC 20-6806. Thereafter, Thomas and John each filed timely notices of appeal. Like Elena, the Mercurios failed to provide transcripts from any of these hearings to the Court.

In the two identical November 15, 2021 orders, the trial justice found that all of the parties involved in the two related cases were in contempt "to the different degrees and extents stated on the record on November 15, 2021." According to the trial justice, no evidence had been presented at the hearings in these cases to indicate

---

[3] The Pinellis obtained counsel soon after filing their complaint *pro se*.

that the parties could not comply with the orders. With respect to the Pinellis, the trial justice concluded that, although the Pinellis had been "substantially diligent in complying with the orders, at times despite great provocation by the Massarone/Mercurio family[,]" the Pinellis had posted materials relating to this dispute on the internet. The trial justice referred to this violation by the Pinellis as a technical one because the "internet post was not directed toward the Massarone and Mercurio parties and was not inflammatory."

As for Elena and the Mercurios, the trial justice found that they had "failed spectacularly at complying with" orders issued by the Superior Court and had "deliberately and repeatedly violated the orders and continue[d] to engage in harassing conduct toward the Pinellis in a number of ways." The trial justice concluded that Elena and the Mercurios' conduct demonstrated an "utter disregard for the authority of the [c]ourt, despite several orders addressing their conduct and numerous admonitions from the bench about their conduct at many court appearances."

Based on these findings, the trial justice ordered Elena to enroll in an anger-management course and to obtain a certificate of completion from the instructor no later than April 15, 2022. Elena was also ordered to pay a portion of the Pinellis' attorneys' fees for certain proceedings. The Pinellis, on the other hand, were ordered to pay a $300 sanction to the Superior Court registry. The trial justice similarly

directed the Mercurios to complete an anger-management course and obtain a certificate of completion no later than April 15, 2022. The trial justice further ordered the Mercurios to pay a portion of the Pinellis' attorneys' fees for certain proceedings.

On appeal, Elena and the Mercurios both assert largely identical claims of error. Broadly speaking, Elena, Thomas, and John all claim that the trial justice erred: (1) in overlooking certain evidence; (2) in ordering Elena and the Mercurios to attend anger-management treatment; (3) in finding the Pinellis credible; (4) in wrongfully excluding certain videotaped evidence; (5) in showing bias towards Elena and the Mercurios; (6) by violating Elena and the Mercurios' freedom of speech; and (7) in consolidating the underlying cases.[4] As noted above, however, neither Elena nor the Mercurios have provided transcripts to the Court from any of the numerous hearings held throughout the course of these proceedings. Therefore, there is no way for this Court to determine what objections Elena and the Mercurios may have made or what claims have been preserved for appeal.

---

[4] There is nothing contained in the record to indicate that the underlying cases were consolidated. However, the November 15, 2021 orders that are the subject of the instant appeals note that the hearings on the parties' numerous contempt motions were consolidated for judicial efficiency and to conserve the parties' resources.

We have made clear that "the deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *Palange v. Palange*, 243 A.3d 783, 784 (R.I. 2021) (mem.) (brackets omitted) (quoting *Bailey v. Saunders*, 151 A.3d 764, 764 (R.I. 2017) (mem.)). Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure requires an appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." *Id*. (quoting Art. I, Rule 10(b)(1) of the Supreme Court Rules). Similarly, Article I, Rule 11(a) requires an appellant to provide to the Supreme Court "the record on appeal, *including the transcript necessary for the determination of the appeal*, * * * within sixty (60) days after the filing of the notice of appeal * * *." Art. I, Rule 11(a) (emphasis added); *Procopio v. PRM Concrete Corp.*, 711 A.2d 650, 651 (R.I. 1998) (mem.) ("[Rule 11] clearly places a duty on an appellant to ensure that the record is complete and ready for transmission."); *see* Art. I, Rule 11(b) ("When the record is complete for purposes of the appeal, the clerk of the trial court shall transmit it to the Clerk of the Supreme Court."). This Court has consistently stated that the failure to provide transcripts "precludes a meaningful review and leaves us no alternative but to deny the appeal and uphold the trial justice's findings." *Palange*, 243 A.3d at 784 (quoting *Calise v. Curtin*, 900 A.2d 1164, 1169 (R.I. 2006)).

In the instant case, Elena and the Mercurios have alleged a variety of errors relative to the admissibility of evidence and credibility determinations made by the trial justice, but have provided no transcripts for this Court to review. This failure on the part of Elena and the Mercurios is not merely risky business, it is fatal to their appeals. Because we have no transcripts, our review is therefore limited to the orders themselves. In light of the findings made by the trial justice, we determine the November 15, 2021 orders to be well-balanced and judicious. In fact, the trial justice even noted the disparity in representation among the parties in the November 15, 2021 orders. We have often stated that, although "*pro se* litigants are often granted greater latitude by the court," they are not exempt from our rules. *Terzian v. Lombardi*, 180 A.3d 555, 558-59 (R.I. 2018) (brackets omitted) (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005)).

Additionally, although Elena, Thomas, and John each filed Rule 12A statements listing several claims of error on the part of the trial justice, the statements fail entirely to provide any cogent legal analysis or substantive discussion of their claims. "The Court 'deems an issue waived when a party simply states an issue for appellate review, without a meaningful discussion thereof.'" *Palange*, 243 A.3d at 785 (quoting *Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019)). We "will not search the record to substantiate that which a party alleges." *Id*. (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017)).

- 8 -

Accordingly, we affirm the orders of the Superior Court.  The record may be returned to the Superior Court.


Justice Long did not participate.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Dean Pinelli et al. v. Thomas Mercurio et al. <br><br> Elena Massarone v. Dean Pinelli et al. <br><br> Dean Pinelli et al. v. Thomas Mercurio et al. |
| **Case Number** | No. 2021-303-Appeal. <br> (PC 20-7791) <br><br> No. 2021-330-Appeal. <br> (PC 20-6806) <br><br> No. 2021-331-Appeal. <br> (PC 20-7791) |
| **Date Opinion Filed** | March 10, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Plaintiffs: <br><br> James R. McNelis, Esq. <br> Elena Massarone, *Pro Se* (No. 2021-330-Appeal.) |
| | For Defendants: <br><br> Thomas Mercurio, *Pro Se* <br> John Mercurio, *Pro Se* <br> James R. McNelis, Esq. (No. 2021-330-Appeal.) |