**Supreme Court**
No. 2022-288-Appeal.

Tara Boulais              :

v.                        :

Maria DiPaola.            :

# O R D E R

The plaintiff, Tara Boulais (plaintiff or Ms. Boulais), appeals from a Superior Court order granting the motion by the defendant, Maria DiPaola (defendant or Ms. DiPaola), to dismiss her complaint on statute-of-limitations grounds. For the reasons set forth herein, we affirm the order of the Superior Court.

On September 16, 2021, Ms. Boulais filed the instant action alleging that her landlord, Ms. DiPaola, harassed, intimidated, and discriminated against her between March 2013 and August 2016 in violation of the Rhode Island Fair Housing Act. Ms. Boulais sought damages for discrimination, loss of quiet enjoyment and use of the property, and intentional infliction of emotional distress; and she referred to a previous complaint, filed in 2017, regarding the same landlord-tenant matter currently at issue. The plaintiff averred that the 2017 complaint was dismissed for lack of service of process and therefore asserted that she was refiling the 2021 complaint pursuant to the savings statute at G.L. 1956 § 9-1-22.

- 1 -

The defendant moved to dismiss the 2021 complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, arguing that the 2021 complaint was time-barred and ineligible for the protections of the safe-harbor provisions of the savings statute due to voluntary discontinuance of the 2017 complaint. A justice of the Superior Court granted the motion and plaintiff timely appealed.

Ms. Boulais raises two issues for this Court: (1) whether the trial court erred when it determined that the savings statute did not shield the 2021 complaint from dismissal; and (2) whether the statute of limitations prevents the instant action from going forward. The plaintiff does not, however, offer any legal analysis or substantive discussion of the issues. This Court "deems an issue waived when a party simply states an issue for appellate review, without a meaningful discussion thereof." *Palange v. Palange*, 243 A.3d 783, 785 (R.I. 2021) (mem.) (quoting *Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019)). We "will not search the record to substantiate that which a party alleges." *Id.* (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017)).

Furthermore, plaintiff has failed to provide this Court with a transcript of the hearing on defendant's motion to dismiss. Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure provides, in part, that "[p]romptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) or (c) and shall take any other action necessary to enable the clerk to assemble and transmit

the record." Art. I, Rule 11(a) of the Supreme Court Rules. The plaintiff, as the appellant, must "ensure that the record is complete and ready for transmission." *Small Business Loan Fund Corporation v. Gallant*, 795 A.2d 531, 532 (R.I. 2002) (quoting *Procopio v. PRM Concrete Corporation*, 711 A.2d 650, 651 (R.I. 1998) (mem.)). In the absence of a transcript, this Court cannot determine how the trial justice came to a decision or, in turn, whether the trial justice erred in coming to that decision. *See 731 Airport Associates, LP v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I. 2002) ("The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business."). Consequently, we have "no alternative but to deny the appeal and uphold the trial justice's findings." *Palange*, 243 A.3d at 784 (quoting *Calise v. Curtin*, 900 A.2d 1164, 1169 (R.I. 2006)).

Accordingly, we affirm the order of the Superior Court and return the record to the Superior Court.

Entered as an Order of this Court this __11th__ day of January, 2024.

By Order,

/s/ Meredith A. Benoit, Clerk
_____

Clerk

- 3 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Tara Boulais v. Maria DiPaola. | |
| **Case Number** | No. 2022-288-Appeal.<br>(PC 21-5947) | |
| **Date Order Filed** | January 11, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>David Kreutter, Esq. | |
| | For Defendant:<br><br>Melody A. Alger, Esq. | |